UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NUMBER 3:25-CV-117-RGJ-LLK

FREDERICK DRUMM                                                            PLAINTIFF

v.

SYNCHRONY BANK                                                            DEFENDANT

MEMORANDUM OPINION AND ORDER
DECLINING TO ENTER STIPULATED PROTECTIVE ORDER

Pursuant to 28 U.S.C. U.S.C. § 636(b)(1)(A), this matter has been referred to Magistrate Judge Lanny King for resolution of all litigation planning issues, a scheduling conference, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. [Text Order at DN 17]. Presently at issue is a proposed Stipulated Protective Order submitted by counsel for the parties. [DN 18]. As the parties have failed to meet their burden in establishing good cause for the entry of a protective order, the Court DECLINES to enter the tendered Stipulated Protective Order.

I. BACKGROUND

According to the Complaint, "[t]his action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff." Complaint, [DN 1] at 1. Since the filing of Plaintiff's Complaint on February

27, 2025, all Defendants except for Synchrony Bank have reached a settlement with Plaintiff and have been dismissed from this litigation.[1]

In lieu of filing a Joint Motion, Plaintiff Drumm and Defendant Synchrony Bank tendered a Stipulated Protective Order which includes a "Good Cause Statement" indicating:

> This action is likely to involve confidential financial and proprietary information relating to the confidential information and business practices and policies of Defendant, confidential information relating to the credit card holder who allegedly opened the accounts without Plaintiff's permission, and confidential information relating to Plaintiff for which special protection from public disclosure and from use for any purpose other than the litigation of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential financial information, information regarding confidential business practices, or confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

*Id*. at 1-2.

The Good Cause Statement portion of the Stipulated Protective Order notes concerns about protecting Synchrony Bank's account notes, "which are a log of events relating to the credit card accounts at issue, may contain confidential information about the accountholder such as date of birth, telephone numbers, Social Security number, address, and account activity." *Id*. at 2. According to the Good Cause Statement, those account notes also contain "proprietary information regarding Synchrony Bank's collection practices." Synchrony Bank also seeks to protect its policies and procedures documents and training materials regarding the Fair Credit Reporting Act as proprietary information about its credit reporting practices. *Id*. Finally, concern is voiced for billing statements which contain confidential information about the credit card accountholder (presumably not a party to this action), and credit card application data and Automated Credit

---

[1] See DN 6, Notice of Settlement as to Defendant TransUnion and DN 11 Notice of Voluntary Dismissal as to TransUnion, LLC; DN 13 Notice of Settlement as to Defendant Equifax Information Services, LLC and DN 15 Notice of Voluntary Dismissal of Equifax; and DN 16 Notice of Voluntary Dismissal of Experian.

Dispute Verification response forms which contain Plaintiff's confidential information such as date of birth and Social Security Number. *Id*.

## II. STANDARD

This Court is increasingly scrutinizing protective orders that do not make the necessary showing of good cause required by the Federal Rules of Civil Procedure and relevant case law. Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). For example, in determining whether to grant a protective order in a trade secret case, this Court considered the following factors:

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken … to guard the secrecy of the information;

(4) the value of the information to [the business] and to [its] competitors;

(5) the amount of effort or money expended … in developing the information;

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys*., No. 3:16-CV-000236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc*., 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016). "To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient." *In Re. Skelaxin Antitrust Litig*., 292 F.R.D. 544, 549 (E.D. Tenn. 2013). Upon a showing of good cause, this Court has found that discovery documents can be protected as "Confidential" by agreement via a narrowly tailored protective order.[2]

In addition to a showing of "good cause" for the protections sought, this Court also requires a narrowly tailored approach to defining the class of documents to be protected. Showing substantial justification for withholding information from the public is a heavy burden: "[w]hile District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *Schrank v. Roller Die and Forming Company, Inc*., 3:21-cv-598-RGJ-LLK, 2022 WL 256318, at * 2 (W.D. Ky. Jan. 26, 2022), (citing *In re. Skelaxin Antitrust Litigation*). The parties must set forth with specificity the reasons protection is sought for a narrowly defined classes of documents, or simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc*., 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

---

[2] By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-CV-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be protected were nude or seminude photographs and that dissemination of the images is sensitive, could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33.

III. <u>ANALYSIS</u>

In this case, the parties have not demonstrated good cause to justify protection of a clearly defined class of documents. The Good Cause Statement begins with "[t]his action is likely to involve confidential financial and proprietary information" and broadly defines three categories of information for protection: confidential financial and proprietary information relating to business practices and policies of Defendant; confidential information relating to the non-party credit card holder; and confidential information relating to Plaintiff. [DN 18] at 1. While the Good Cause Statement identifies various reasons for these categories of documents to be protected, the actual terms of the agreement include problematic provisions like "[n]either party waives the right to identify additional categories of documents as discovery continues." Based upon these very broad information parameters, the class of documents to be deemed confidential/protected could be anything that either party determines to be sensitive information. The parties state that this agreement is necessary "to adequately protect information the parties are entitled to keep confidential," but cite no legal authority to justify such entitlement.

Furthermore, the parties have not identified a clearly defined, serious injury that would result from the production of this broad set of documents. Reference is made to "confidential information" of the non-party credit card holder and Plaintiff, but without more detail, the Court is left to wonder whether certain identifiers could simply be redacted without deeming entire documents "confidential" during the discovery process. The Good Cause Statement paints with a very broad brush what confidential and proprietary materials the parties seek to protect with a catch-all "information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law." [DN 18] at 1-2. Clearly defined classes of documents with specific, applicable

legal principles justifying their protection are necessary for this Court to consider entry of a Stipulated Protective Order. Mere conclusory statements and generalizations such as "otherwise protected from disclosure under state or federal statues, court rules, case decisions, or common law" do not suffice.

There are numerous other provisions contained within the Stipulated Protective Order which are problematic to the Court. For one example, paragraph 6 notes that any objections/disputes related to documents designated "Confidential" that cannot be resolved between the parties informally will result in a motion to this Court asking that the Court designate the material as "Confidential." Paragraph 6 provisions further require the party seeking to designate the disputed material as "Confidential" to bear the burden of establishing it as such using the "prevailing standard within the Third Circuit." *Id*. at 4. This Court will not play referee to this Agreement in addition to its duties as prescribed by the *Sixth* Circuit, the Federal Rules of Civil Procedure, and the Joint Local Rules of the Eastern and Western Districts of Kentucky.

## IV. CONCLUSION

For the foregoing reasons, the Court declines to enter the parties' Stipulated Protective Order [DN 18], without prejudice. The Court will consider entry of an Agreed Protective Order for narrowly defined documents or classes of documents for which specific legal authority is articulated to justify their protection. Or, in the alternative, the parties may simply agree among themselves to place certain limitations on the materials produced in discovery without this Court's intervention.

September 17, 2025

Lanny King, Magistrate Judge
United States District Court